# EXHIBIT 1

1   LAW OFFICE OF JOSEPH W. WATKINS, P.C.

OCT 31 2014   **FILED** 2:42pm
MICHAEL K. JEANES, Clerk
By _____
Deputy

JOSEPH W. WATKINS (012403)
2   1661 N. Swan Road, Suite 250
Tucson, AZ 85712
3   Joewlaw2@gmail.com
Telephone: (520) 882-9115

**PAID**
319 °°
RH 2411952 9

4   Attorneys for Plaintiff

5   SUPERIOR COURT OF THE STATE OF ARIZONA,

6   **MARICOPA COUNTY**

7   **RAY BURK AND BETTY BURK**, husband and wife; and

8   **JOHN MARQUEZ**, individually; **ON BEHALF OF THEMSELVES AND ALL**

9   **OTHERS SIMILARLY SITUATED**

Case No.:

CV2014-095133

**CLASS ACTION COMPLAINT
DEMAND FOR JURY TRIAL**

10                    Plaintiff,

**Assigned to Judge:**

11            v.

12   **STATE FARM FIRE AND CASUALTY**

13   **INSURANCE COMPANY, A FOREIGN CORPORATION**

14            Defendant

15

16       Ray and Betty Burk, husband and wife, and John Marquez (collectively "Plaintiffs"), by and

17   through their attorney, file this Complaint against Defendant State Farm Fire and Casualty Insurance

18   Company ("State Farm"), on behalf of themselves and all other similarly situated Arizona businesses

19   and residents who received "Actual Cash Value" payments for property losses from which State Farm

20   excluded damages and other necessary costs required to repair or replace damaged property in a

21   manner contrary to Arizona law.

22                              **PARTIES**

23       1.       Plaintiffs are, and at all times mentioned herein were, residents of Maricopa County,

24   Arizona.

25

26       2.       State Farm is an insurance company licensed to do and doing business in Arizona.

27       3.       State Farm offers personal property/casualty insurance, including business,

28   homeowners and fire coverage.

1

4.      State Farm is itself a member of the State Farm Insurance Group ("State Farm Group"), and is the largest property and casualty insurer in the United States.

5.      State Farm has an "A+" Excellent rating with A.M. Best and has also been ranked in the top 100 largest U.S. Corporations by Fortune.

## JURISDICTION

6.      This Court has original jurisdiction over the subject matter of this action pursuant to A.R.S. § 12-123.

7.      Venue is proper in this Court pursuant to A.R.S. § 12-401.

## BACKGROUND

8.      State Farm markets and issues business and homeowners insurance policies in Arizona.

9.      State Farm's business and homeowners insurance policies issued to Arizona residents all contain substantially the same provisions with respect to the settlement of losses.

10.     For example, State Farm's "Business Coverage Form" and its standard Homeowners Policies ("the Policies") are standardized policy contracts issued by State Farm to its insureds in Arizona.

11.     Under the terms of the Policies, State Farm insures its Arizona policyholders for loss (a) under Coverages A and B, to the insured's structures on the business or residence premises (collectively, "Building Property") and (b) under Coverage C, to personal or business personal property owned or used by any insured (collectively, "Personal Property").

12.     As to losses to Building Property, the insured may disregard a recovery on a replacement cost ("RCV") basis and make claim on an actual cash value ("ACV") basis.

13.     As to losses to Business Personal Property or Personal Property, unless optional "Full Value" coverage is purchased, the insured may recover on only an ACV basis. If the Full Coverage option is purchased, the insured is given a choice to make a claim to recover on either an ACV basis or an RCV basis.

## ACTUAL CASH VALUE RECOVERIES

14.     This case involves claims by Plaintiffs and other similarly situated Arizona insureds who received ACV payments for loss to Building Property or to Business Personal Property or Personal Property under the Policies, either (a) because they made only an ACV claim, (b) they received an ACV payment for a loss and did not thereafter receive an RCV payment for that loss or (c) were forced to pay professional fees to obtain an accurate ACV payment.

15.     The Arizona Amendatory Endorsement, a part of all Arizona homeowners policies, , defines ACV to mean:

> ... the amount it *would currently cost to repair or replace covered property with new material of like kind and quality*, less allowance for physical deterioration and depreciation, including obsolescence.  (emphasis added).

16.     Under Arizona law, such an ACV payment to an insured must include all costs "likely required" to be incurred in repairing or replacing the loss, even if the insured decides not to repair or replace the loss. *Tritschler v. Allstate Ins. Co.*, 213 Ariz. 505, 144 P.3d 519 (Ct. App. 2006).

17.     In *Tritschler*, the Arizona insurer refused to include contractor overhead and profit ("O&P") in the ACV payment to an Arizona insured, arguing that it was not obligated to do so unless and until such O&P costs were actually incurred by the insured.  The Arizona Court of Appeals rejected this contention, ruling that ACV payments must include all costs likely to be incurred to repair or replace the loss whether or not the insured actually incurred such costs.

18.     In *Lukes v. American Family Mutual Ins. Co.*, No. 04-2022-PHX-JAT, 455 F. Supp. 2d 1010 (D. Ariz. 2006), the Honorable James A. Teilborg also defined actual cash value to include all costs likely to be incurred to repair or replace the loss whether or not the insured actually incurred such costs when the court rejected the insurer's contention that its contractual obligation to pay the actual cash value of damaged property including sales tax was only triggered in the event that the insured actually incurs the expense of replacing the damaged property. Judge Teilborg ruled inclusion of sales tax in the actual cash value payment was "consistent with the fundamental purpose of a fire insurance policy which is to fully indemnify the insured."

3

19.     Contrary to this well-established and well-publicized Arizona law in addition to common industry practices, and despite its knowledge of Arizona law made clear in *Tritschler* and *Lukes*, State Farm has systematically reduced ACV payments by requiring its insureds to actually "incur" costs of necessary repair or replacement of ACV damages in a manner that is not authorized by either the Policy or established Arizona law. State Farm has done so through a deliberate company policy and practice, and not premised on any miscalculation, honest mistake, bad judgment or simple negligence by State Farm.

20.     Specifically, in conscious disregard of *Tritschler* and *Lukes*, State Farm has adopted a company-wide policy or practice of refusing to include certain damage amounts and costs in ACV payments unless and until the insured actually incurs those costs ("the State Farm Exclusion Policy").

21.     For example, under the State Farm Exclusion Policy, State Farm excludes, among other things, demolition and debris removal, architectural/drafting fees, engineering fees, insurance, permits & fees, temporary power usage and temporary toilet from the ACV payment. State Farm refuses to include these elements in its ACV computations unless and until the insured actually incurs the cost of repairing or replacing the Business Personal Property, Personal Property or Building Property.

22.     As confirmed by State Farm's estimate in both the Burk and Marquez claims, in which the estimates actually contain a column added to the standard Xactimate format titled "PWI" (pay when incurred), and State Farm's history of excluding other necessary elements of actual cash value payments, the State Farm Exclusion Policy is common company policy or practice, and not mere oversight or the work of rogue adjusters. See Burk Estimate attached at Exhibit A and Marquez estimate attached as Exhibit B.

23.     Notably, State Farm is not purporting to characterize the exclusion of these costs of repair or replacement as one based upon judgmental determinations of deterioration or depreciation; State Farm is simply and impermissibly excluding these costs altogether from the ACV payment unless and until the insured actually incurs the cost.

24.     As made clear in *Tritschler* and *Lukes*, however, State Farm cannot unilaterally exclude such costs from ACV payments, or otherwise make inclusion of the costs in ACV payments dependent upon the costs being actually incurred by the insured.

4

25.     State Farm's implementation of its company-wide practice and policy (which it knows is based on an incorrect, unreasonable, and bad faith interpretation of the relevant coverage provision in its insurance policy) has led to a systematic practice of undervaluing ACV claims, and a systematic practice of paying ACV claims for less than the amount to which its insureds are entitled.

## PLAINTIFFS' FACTS

### The Burks

26.     In July 2014, State Farm had issued an Arizona Apartment Insurance Policy to Mr. and Mrs. Burk. See attached Exhibit A.

27.     The Burks suffered a covered loss on or about July 24, 2011.

28.     The Burks promptly submitted their claim of loss to their structure to State Farm.

29.     In calculating the ACV of the Burk's loss, State Farm deliberately excluded the removal, tear off, hauling and disposal of damaged shingles and drip edge, both of which are necessary elements for the repair of the property, from the State Farm estimate. See Exhibit A.

30.     Pursuant to the State Farm Exclusion Policy, State Farm failed to pay the Burks the "actual cash value" of their loss as required under the Policy and Arizona law.

31.     The Burks do not dispute the amount of any depreciation of Plaintiffs' ACV payment; rather, they dispute State Farm's legal authority to exclude pursuant to the State Farm Exclusion Policy certain damages and costs from its ACV payments in the first place. Therefore, the Burk's claims are not subject to the appraisal process provided for in the Policy. Bond v. American Family Mut. Ins. Co., 2008 WL 477873 (D. Ariz., 2008).

### Mr. Marquez

32.     In July 2014, State Farm was issuer of an Arizona homeowners Insurance Policy for Mr. Marquez.

33.     Mr. Marquez suffered a covered loss on or about July 26th, 2014.

34.     Mr. Marquez promptly submitted his claim of loss to his home to State Farm.

35.     In calculating the ACV of Mr. Marquez' loss, State Farm deliberately excluded the removal, tear off, hauling and disposal of damaged shingles which is necessary for the repair of the property, from the State Farm estimate. See Exhibit B.

36.     Pursuant to the State Farm Exclusion Policy, State Farm failed to pay Mr. Marquez the "actual cash value" of his loss as required under the Policy and Arizona law.

37.     Mr. Marquez does not dispute the amount of any depreciation of his ACV payment; rather, he disputes State Farm's legal authority to exclude pursuant to the State Farm Exclusion Policy certain damages and costs from its ACV payments in the first place. Therefore, Mr. Marquez' claims are not subject to the appraisal process provided for in the Policy. *Bond v. American Family Mut. Ins. Co.*, 2008 WL 477873 (D. Ariz., 2008).

## CLASS ALLEGATIONS

38.     Plaintiffs bring this action on behalf of themselves and all other similarly situated Class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the *Arizona Rules of Civil Procedure*. Plaintiffs seek certification of the following Class:

> All Arizona residents who since July 24, 2006, (a) received actual cash value payments for a covered loss under a State Farm business or homeowners insurance policy that excluded reasonable and necessary costs likely to be incurred in repairing or replacing the loss, and (b) did not receive a replacement coverage payment for that loss.

39.     **Numerosity.** The members of each Class are so numerous that joinder of all members of the Class is impracticable. Plaintiffs are informed and believe that the State Farm Exclusion Policy has been applied to thousands of claims by Arizona policyholders. The identity and precise number of Class members, though unknown to Plaintiff, is reasonably and objectively ascertainable from State Farm's own records.

40.     **Existence and Predominance of Common Questions of Law and Fact.** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, (a) whether State Farm is contractually authorized to withhold from ACV payments damages and costs likely to be incurred in repairing or replacing a loss, (b) whether State Farm adopted a company policy or practice of excluding such elements from its ACV payments, (c) whether State Farm did so through the knowing or reckless disregard of Arizona law, (d) whether Plaintiffs and the other Class members

6

are entitled to appropriate equitable remedies, including declaratory and injunctive relief requiring State Farm to reopen and properly adjust the loss claims; and (d) whether Plaintiffs and the Class are entitled to monetary damages.

41.     **Typicality**.  Plaintiffs' claims are typical of the claims of the members of each Class because, *inter alia*, all Class members were injured through State Farm's uniform misconduct under the State Farm Exclusion Policy described above.

42.     **Adequacy of Representation**.  Plaintiffs will fairly and adequately protect the interests of the members of each Class.  Plaintiffs have retained counsel experienced in consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously on behalf of other similarly situated State Farm insureds.  Plaintiffs have no interests adverse or antagonistic to those of the proposed Class.

43.     **Certification under Rule 23(b)(2)**. The Class may be certified because State Farm has acted or refused to act on grounds generally applicable to the proposed Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole. Plaintiffs seek permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent State Farm from engaging in the systematic misconduct described above, and requiring it to provide full equitable relief to Plaintiff and Class members (which would include, among other things, requiring State Farm to reopen and correctly adjust claims closed within the Class Period). Unless a Class-wide injunction is issued, State Farm will continue to commit the violations alleged, and the members of the Class and other State Farm policyholders will continue to be injured.

44.     **Superiority under Rule 23(b)(3)**.  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against State Farm.  It would thus be virtually impossible for Plaintiffs and Class members, on an individual basis, to obtain cost-effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent

7

or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## COUNT ONE
### (BREACH OF EXPRESS CONTRACT)

45.     Plaintiffs and the Class repeat and reallege all allegations contained in the paragraphs above as if set forth separately in this Claim for Relief.

46.     Under Arizona law, an insurance policy's provisions must be construed "according to their plain and ordinary meaning."' *Tritschler*, 213 Ariz. 505, ¶ 12, 144 P.3d 519, 525 (App.2006), quoting *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 534, 647 P.2d 1127, 1132 (1982). But "[t]he language used in an insurance contract must be viewed from the standpoint of the average layman who is untrained in the law or the field of insurance." *American Family* v. *Liristis*, 204 Ariz. 140, ¶ 13, 61 P.3d at 25–26.

47.     Under the Policy, State Farm was obligated to make the ACV payment in the "the amount it would currently cost to repair or replace covered property...."

48.     State Farm breached the Policy contract when, pursuant to the State Farm Exclusion Policy, it failed to make full ACV payments to Plaintiffs and the other Class members.

49.     Plaintiffs and the other members of the Class were injured by State Farm's breaches, in an amount to be proved at trial.

50.     This matter arises out of contract, such that Plaintiffs and the Class are eligible for and entitled to an award of their attorneys' fees under A.R.S. § 12-134.01.

## COUNT TWO
### (BREACH OF CONTRACTUAL IMPLIED OBLIGATION OF GOOD FAITH)

51.     Plaintiffs and the Class repeat and re-allege all allegations contained in the paragraphs above as if set forth separately in this Claim for Relief.

52.     "In Arizona, insurance contracts include an implied covenant of 'good faith and fair

8

dealing,' whereby each party is 'bound to refrain from any action which would impair the benefits which the other had the right to expect from the contract or the contractual relationship.'" *Voland v. Farmers Ins. Co.*, 189 Ariz. 448, 451, 943 P.2d 808, 811 (App.1997) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565, 570 (1986)).

53.     In cases (such as this) involving first-party coverage, the insurer must "play fairly with its insured." *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 20 P.3d 1158 (Ct. App., 2001) (citing *Rawlings*, 151 Ariz. at 154, 726 P.2d at 570). The insurer must "give equal consideration in handling the claim, and do so in fairness and honesty." *Id.*

54.     The duty of good faith also includes an obligation to inform the insured about the extent of coverage and his or her rights under the policy and to do so in a way that is not misleading. This *See Nardelli v. Metropolitan Group Property and Cas. Ins. Co.*, 230 Ariz. 592, 603, 277 P.3d 789, 800 (Ct. App., 2012) (citing, *inter alia*, *Rawlings v. Apodaca*, 151 Ariz. 149, 156–57, 726 P.2d 565, 572–73 (1986); *Sarchett v. Blue Shield of Cal.*, 233 Cal. Rptr. 76, 729 P.2d 267, 275–77 (1987) (internal quotation omitted) ("important facet" of duty of equal consideration is "the duty reasonably to inform an insured of the insured's rights and obligations under the insurance policy")).

55.     Arizona law also imposes a duty of a fiduciary nature on an insurance company when it receives a demand for payment under a policy, including a duty to give equal consideration to its interests and those of the insured before paying out policy proceeds.     *See Deese v. State Farm Mut. Auto. Ins. Co.*, 172 Ariz. 504, 507, 838 P .2d 1265, 1268 (1992) ("[A]n insurance company's duty of good faith means that 'an insurer must deal fairly with an insured, giving equal consideration in all matters to the insured's interest.'") (quoting *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 386, 715 P.2d 1133, 1136 (1986)).

56.     The tort of bad faith arises when an insurer "intentionally denies, fails to process or pay a claim without a reasonable basis." *Noble v. Nat'l Am. Life Ins. Co.*, 624 P.2d 866, 868 (Ariz.1981); *Wood v. Liberty Mut. Fire Ins. Co.*, 2012 WL 2798761, at *2 (D. Ariz., July 09, 2012). "The appropriate inquiry is whether there is sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, the insurer acted unreasonably and either knew or was conscious of the fact that its conduct was unreasonable." *Zilisch*

9

*v. State Farm Mut. Auto. Ins. Co.*, 995 P.2d 276, 280 (Ariz.2000). Bad faith can be established by showing "'(1) the absence of a reasonable basis for denying benefits, and (2) the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Wood*, 2012 WL 2798761, at *2.

57.     State Farm acted objectively and subjectively unreasonably in adopting the State Farm Exclusion Policy. *Wood*, 2012 WL 2798761, at *2-5; *see also Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 758 P.2d 1313, 1325 (Ariz.1988) (observing that intent could be inferred from evidence that the insurer "sought its own legitimate objective-settlement for as little as possible-by improper means"); *see generally, Zilisch*, 995 P.2d at 280 (whether insurer possessed wrongful intent is question for the jury). State Farm's alleged misconduct is not the result of an honest mistake, mere oversight or carelessness.

58.     State Farm's objectively and subjectively unreasonable adoption of the State Farm Exclusion Policy, in which no consideration at all is given to the interests of the insured as required by Arizona law, constitutes a breach of State Farm's obligations of investigation, information and equal consideration.

59.     State Farm breached the implied obligation of good faith and fair dealing when, pursuant to the State Farm Exclusion Policy, State Farm failed to make ACV payments to Plaintiff and the other Class members. After *Tritschler* and *Lukes*, State Farm knew or should have known that its failure to make the ACV payments was invalid and that it was therefore acting in bad faith when it failed to pay the appropriate amount of ACV.

60.     Plaintiffs and the other members of the Class were injured by State Farm's breach, in an amount to be proved at trial.

61.     To recover punitive damages, the plaintiffs must "show 'something more' than the conduct necessary to establish the tort" of bad faith. *Thompson v. Better–Bilt Aluminum Prods. Co.*, 171 Ariz. 550, 556, 832 P.2d 203, 209 (1992) (quoting *Rawlings*, 151 Ariz. at 161, 726 P.2d at 577). Arizona courts have developed a shorthand reference for this "something more," requiring the plaintiff to "prove that defendant's evil hand was guided by an evil mind." *Rawlings*, 151 Ariz. at 162, 726 P.2d at 578. The requisite "evil mind" may be found where, although not intending to cause injury,

defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others." *Id.*

62.     State Farm's bad faith conduct warrants the imposition of punitive damages under Arizona law. *Wood*, 2012 WL 2798761 at *6.

## COUNT THREE
## (DECLARATORY AND INJUNCTIVE RELIEF)

63.     Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

64.     An actual controversy has arisen and now exists between Plaintiff and the members of the Class, on the one hand, and State Farm, on the other hand, as to the propriety of State Farm's interpretation of the Policy contract.

65.     Under the circumstances, Plaintiffs and the members of the Class are entitled to a declaration that the Policy does not permit State Farm to unilaterally defer from its ACV payments any likely damages and costs to repair or replace the loss, and providing for appropriate equitable relief to Plaintiff and other members of the Class injured by State Farm's misconduct.

66.     The appropriate equitable remedy may include, among other things, ordering a self-audit to determine exactly how many Arizona insureds were underpaid or not paid for appropriate ACV damages on their claims.


## PRAYER

WHEREFORE, Plaintiffs pray for a judgment:

A.     Certifying the Class as requested herein;

B.     Awarding Plaintiffs and the Class members declaratory, injunctive or other equitable relief;

C.     Awarding Plaintiffs and Class members compensatory damages in an amount to be determined at trial;

D.     Awarding Plaintiffs and Class members attorneys' fees and costs; and

E.     Providing Plaintiffs and Class members with such further and other relief as

11

deemed just and proper by the Court.

**JURY DEMAND**

Plaintiffs demand a jury trial of all issues triable by right by jury.

Dated this 24 day of October, 2014.

JOSEPH W. WATKINS, P.C.

Joseph W. Watkins
Attorney for Plaintiff

# EXHIBIT "A"
# BURK ESTIMATE

State Farm®
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710



June 19, 2012

MR AND MRS DENNIS BURK
721 E PALO VERDE ST
GILBERT AZ 85296-1141

State Farm Insurance
PO Box 661034
Dallas TX 75266-1034

RE:   Claim Number:   03-07F1-823
      Date of Loss:    July 24, 2011
      Property Address: 2820 East Capri Circle
                        Mesa, AZ 85204

Dear Mr. and Mrs. Burk:

This letter is regarding the claim that you have submitted for wind and hail damage to the roof of the captioned apartment building. An inspection of the roof has been completed by State Farm adjuster Tommie Bonner, and he found that there was some wind/hail damage to the roofing material and you should be receiving a settlement draft and a copy of the estimate he completed for the repair of these. His inspection also revealed that there was damage due to wear, tear, deterioration, insects, birds, and maintenance-related items.

I have reviewed the Apartment Policy Form FP-6107 that provides the coverage for your building and found that it states the following:

**SECTION I LOSSES INSURED AND LOSSES NOT INSURED**

**LOSSES INSURED**

We insure for accidental direct physical loss to property covered under this policy unless the loss is:

1.    limited in the **PROPERTY SUBJECT TO LIMITATIONS** section; or

2.    excluded in the **LOSSES NOT INSURED** section that follows.

**LOSSES NOT INSURED**

2.    We do not insure for loss either consisting of, or directly and immediately caused by, one or more of the following:

MR AND MRS. DENNIS BURK
03-07F1-823
Page 2

   d.   smog, wear, tear, rust, corrosion, fungus, mold, decay,
        deterioration, hidden or latent defect or any quality in property that
        causes it to damage or destroy itself.

        But if accidental direct physical loss by any of the "Specified
        Causes of Loss" or by building glass breakage results, we will pay
        for that resulting loss;

   g.   insects, birds, rodents or other animals.

        But if accidental direct physical loss by any of the "Specified
        Causes of Loss" or by building glass breakage results, we will pay
        for that resulting loss;

3.   We do not insure under any coverage for any loss consisting of one or
     more of the items below. Further, we do not insure for loss described in
     paragraphs 1. and 2. immediately above regardless of whether one or
     more of the following: (a) directly or indirectly cause, contribute to or
     aggravate the loss; or (b) occur before, at the same time, or after the loss
     or any other cause of the loss:

     b.   faulty, inadequate, unsound or defective:

          (2)   design, specifications, workmanship, repair, construction,
                renovation, remodeling, grading, compaction;

          (3)   materials used in repair, construction, renovation or
                remodeling; or

          (4)   maintenance;

          of part or all of any property (including land, structures or
          improvements of any kind) on or off the described premises.

     But if accidental direct physical loss results from items 3.a. and 3.b., we
     will pay for that resulting loss unless the resulting loss is itself one of the
     losses not insured in this section.

Based on the above policy language, we must advise that State Farm is unable to reimburse
you for the entire cost you are incurring for the replacement of the roof.

This Company does not intend, by this letter, to waive any policy defenses in addition to those
stated above, but specifically reserves the right to assert such additional policy defenses at any
time. Any suit against us must be started within one year after the date of loss or damage, or as
set by State Law.

MR AND MRS DENNIS BURK
03-07F1-823
Page 3

If you have any additional information regarding your claim which has not been previously considered, or if you desire any additional explanation regarding this matter, please contact this office at the toll-free number listed below.

Sincerely,

Tari Gray
Claim Representative
877 859 1847 ext 47681
State Farm Fire and Casualty Company

28/732/787042

cc:    03-1376 LYNN URRY
       5524 E BASELINE RD
       MESA AZ 85208-4710

## estimate for roof

From: Colt Browning (avnrbrowning@gmail.com)
Sent: Wed 6/20/12 1:26 PM
To: myburk@hotmail.com
   3 attachments
   atodata.also (0.6 KB) , Final Estimate Roy Burk.pdf (5.5 KB) , header and footer.docx (182.1 KB)

Estimate for roof

Colt Browning Office Manager

Office: 480-733-4345

Cell: 480-326-9577

Fax: 480-733-4345

avcrdcbrowning@gmail.com

CONFIDENTIALITY

The contents and attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this email or any attachment is prohibited. If you
• receive this email in error please notify us and permanently delete it, you may not copy and retain this email and attachments but may use them for your own use. Thank you for your assistance

**State Farm**
Providing Insurance and Financial Services
Home Office, Bloomington, Illinois 61710



May 30, 2012

Dennis Ray Burk
721 E Palo Verde St
Gilbert AZ 85296-1141

State Farm Fire Claims
PO Box 52260
Phoenix AZ 85072-2260

RE:   Our Claim Number:   03-07S1-823
      Policy Number:      93C346715
      Date of Loss:       July 24, 2011

Dear Dennis Ray Burk:

Thank you for the opportunity to review your claim. Enclosed is payment in the amount of $335.61.

Please refer to the attached document which outlines the basis for this payment.

As a State Farm® policyholder, you can enjoy the benefits of online registration. Benefits include checking the status of your claim online; managing your insurance information and accounts; and staying connected to State Farm. Just go to statefarm.com® to get registered. All you need to complete the process is your State Farm policy or account number, your email address, and about five minutes. If you are already registered, thank you!

If you have questions or need assistance, please call us at (877) 859-1847 Ext. 47681.

If you have questions or need assistance, please call (877) 859-1847 Ext. 47681 and leave a voice mail message. We will return your call as soon as possible. Our centralized claim operation is also available to provide assistance. They can be reached at 877-783-1200.

Thank you for your cooperation in this matter.

03-07S1-823
Page 2
May 30, 2012

Sincerely,

Teresa Ann Gray
Claim Representative
(877) 859-1847 Ext. 47681
Fax:   (888) 257-6080

State Farm Fire And Casualty Company

Enclosure(s):
   Draft

   Estimate

PAYMENT NO  1 24 122323 J
PAYMENT AMOUNT  $336.61
ISSUE DATE  05-30-2012
AUTHORIZED BY  BONNER, TOMMIE
PHONE  (877) 859-1847

CLAIM NO  03-07S1-823
LOSS DATE  07-24-2011
POLICY NO  93-C34671-5
INSURED  BURK, DENNIS RAY & BETTY L

DENNIS R. BURK
721 E PALO VERDE ST
GILBERT AZ  85296-1141

| COVERAGE DESCRIPTION | ON BEHALF OF | AMOUNT |
|---|---|---|
| WIND OR HAIL - BUILDING | BURK, DENNIS RAY & BETTY L | 335.61 |

# RETAIN STUB FOR RECORDS

STATE FARM FIRE AND CASUALTY COMPANY
GREAT WESTERN
TUZ MOBILE ASS[G°_P24PCL264

JPMORGAN CHASE BANK, NA  56-1564/441
COLUMBUS, OH NSY 640

1 24 122323 J

05-30-2012

CLAIM NO: 03-07S1-823          INSURED  BURK, DENNIS RAY & BETTY L
LOSS DATE: 07-24-2011

DATE  MM DD YY

************EXACTLY THREE HUNDRED THIRTY-FIVE AND 61/100 DOLLARS**     $*******335.61

Pay to the
Order of  DENNIS RAY BURK & BETTY L. BURK

AUTHORIZED SIGNATURE

AUTHORIZED SIGNATURE

SECURED DOCUMENT WATERMARK APPEARS ON BACK. HOLD AT 45° ANGLE FOR VIEWING

⑆24⑈122323⑉⑈  ⑆044⑈15443⑈  662632637⑈

BURK, DENNIS

03-07S1-823



# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.



**StateFarm**

# Building Estimate Summary Guide

03-07S1-823

**This summary guide is based on a sample estimate and is provided for reference only.
Please refer to the estimate for specifics of your claim.**

## State Farm Insurance

| | |
|---|---|
| Insured: Smith, Joe & Jane | Estimate: 00-0000-000 |
| Property: 1 Main Street | Claim Number: 00-0000-000 |
| Anywhere, IL 00000-0000 | Policy Number: 00-00-0000-0 |
| Type of Loss: Other | Price List: ILBL8F_NOV09A |
| Deductible: $500.00 | Restoration/Service/ Remodel |
| | F = Factored in, |
| | D = Do Not Apply |

### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% | 152.00 |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% | 610.51 |
| General Contractor Profit | @ | 10.0% | 610.51 |
| Replacement Cost Value (Including General Contractor Overhead and Profit) [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable & Non-recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | (500.00) |
| Net Actual Cash Value Payment [6] | | | $5,827.12 |

### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) [7] | 832.50 | |
| Less Non-recoverable Depreciation (including Taxes) [7] | <520.00> | |
| Subtotal | | 312.50 |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non-recoverable Depreciation | <104.00> | |
| Subtotal | | 62.50 |
| Total Maximum Additional Amount Available If Incurred [8] | | 375.00 |
| Total Amount of Claim If Incurred [9] | | $6,202.12 |

_____
Claim Representative

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

1. **Line Item Total** - Total value of all line items in the estimate plus adjustments for base service charges. Base Service Charges are additional charges that account for the cost the contractor or service provider incurs when mobilizing, scheduling, and transporting people and materials to the job site, and may be included in the line item portion of your estimate.

2. **General Contractor's Overhead and Profit** - General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** - Estimated cost to repair or replace damaged property.

4. **Depreciation** - The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** - The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** - The repair or replacement cost of the damaged part of the property less *depreciation* and *deductible*.

7. **Non Recoverable Depreciation** - *Depreciation* applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount If Incurred** - Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim If Incurred** - Total amount of the claim, including *net actual cash value payment and total maximum additional amount available if incurred.*

**You may be contacted in the future by a State Farm Reinspector to review the handling of your claim.
We appreciate your cooperation.**

BURK, DENNIS                                                                                   '03-07S1-823

| Insured: | BURK, DENNIS | | Estimate: | 03-07S1-823 |
| Property: | 2820 E CAPRI CIR | | Claim Number: | 0307S1823 |
| | MESA, AZ 85204 | | Policy Number: | 93-C3-4671-5 |
| Home: | (480) 813-0042 | | Price List: | AZPH9F_MAY12 |
| Type of Loss: | Wind Damage | | | Restoration/Service/Remodel |
| Deductible: | $1,000.00 | | | F = Factored In, D = Do Not Apply |
| Date of Loss: | 7/24/2011 | | | |
| Date Inspected: | 5/30/2012 | | | |

## Summary for Dwelling

| | | | | | |
|---|---|---|---|---|---|
| Line Item Total | | | | | 4,104.44 |
| Sales Tax Prime Cont | @ | 5.883% x | 4,104.44 | | 241.46 |
| Replacement Cost Value | | | | | 4,345.90 |
| Less Depreciation (Including Taxes) | | | | | (3,010.29) |
| Less Deductible | | | | | (1,000.00) |
| Net Actual Cash Value Payment | | | | | $335.61 |

### Maximum Additional Amounts Available If Incurred:

Paid When Incurred (PWI) items refer to items, which may not be necessary in the repair of your property damaged by a covered loss. If incurred, or contracted to be completed, reimbursement of reasonable costs will be made up to the maximum amounts identified as eligible for PWI in the estimate.

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 3,010.29 | |
| Total Line Items Paid When Incurred (PWI) (Including Taxes) | 1,252.85 | |
| Total Maximum Additional Amount Available If Incurred | | 4,263.14 |
| Total Amount of Claim If Incurred | | $4,598.75 |

Bonner, Tommie
(877) 859-1847

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**


StateFarm

# Explanation of Building Replacement Cost Benefits
## Apartment Policy
### Dwelling

To:  Name:       BURK, DENNIS
     Address:    2820 E CAPRI CIR
     City:       MESA
     State/Zip:  AZ, 85204

Insured:       BURK, DENNIS                    Claim Number:   0307S1823
Date of Loss:  7/24/2011                       Cause of Loss:  WIND

Your insurance policy provides replacement cost coverage for some or all of the loss or damage to your dwelling or structures. Replacement cost coverage pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1.  Complete the actual repair or replacement of the damaged part of the property.

2.  Notify us of your intent to do so within 180 days of the loss.

3.  Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $4,345.90. The enclosed claim payment to you of $335.61 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $3,010.29.

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim representative prior to beginning repairs.

All policy provisions apply to your claim.

For your protection Arizona law requires the following statement to appear on this form: Any person who knowingly presents a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

BURK, DENNIS                                                                  03-07S1-823

Source - EagleView



RS

| | 4,353.40 Surface Area | 43.53 Number of Squares |
| | 521.40 Total Perimeter Length | 104.56 Total Ridge Length |

| DESCRIPTION | QUANTITY | UNIT COST | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|
| 1. Remove 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 19.06 SQ | 41.89 | 798.42 | | 798.42 | 0:00 |
| 2. Roofing felt - 15 lb. | 19.06 SQ | 20.19 | 384.82 | | 384.82 | 0.00 |
| 3. 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 21.00 SQ | 136.75 | 2,871.75 | (2,843.03) | | 28.72 |
| 4. R&R 3 tab - 25 yr. - composition shingle roofing (per SHINGLE) | 4.00 EA | 11.51 | 46.04 | | | 46.04 |
| Above item is for damaged shingles on the west slope | | | | | | |
| 5. Comb and straighten a/c condenser fins - with trip charge | 2.00 EA | 151.72 D | 303.44 | | | 303.44 |
| 6. Roofer - per hour | 8.00 HR | 72.42 D | 579.36 | | | 579.36 |
| Above item is to detach and rest 4 air conditioners | | | | | | |
| 7. Detach & Reset Digital satellite system with one receiver | 2.00 EA | 26.39 | 52.78 | | | 52.78 |

| Totals: RS | | | 5,036.61 | 2,843.03 | 1,183.24 | 1,010.34 |

Area Totals: Source - EagleView

    2,805.32 Exterior Wall Area
    4,353.40 Surface Area      43.53 Number of Squares      521.40 Total Perimeter Length
    104.56 Total Ridge Length

| Total: Source - EagleView | | | 5,036.61 | 2,843.03 | 1,183.24 | 1,010.34 |

| Line Item Subtotals: 03-07S1-823 | | | 5,036.61 | 2,843.03 | 1,183.24 | 1,010.34 |

BURK, DENNIS                                                                03-07S1-823

| Adjustments for Base Service Charges | | | PWI | Adjustment |
|---|---|---|---|---|
| General Laborer | | | | 33.81 |
| Roofer | | | | 217.26 |
| Total Adjustments for Base Service Charges: | | | 0.00 | 251.07 |
| LINE ITEM TOTALS: 03-07S1-823 | 5,287.68 | 2,843.03 | 1,183.24 | 1,261.41 |

**Grand Total Areas:**

2,805.32 Exterior Wall Area

4,353.40 Surface Area        43.53 Number of Squares        521.40 Total Perimeter Length
104.56 Total Ridge Length

## Trade Summary
Includes all applicable Tax, General Contractor O&P, and Base Service Charges

| DESCRIPTION | LINE ITEM QNTY | REPL. COST TOTAL | ACV | NON-REC. DEPREC. | MAX ADDL. AMT AVAIL. |
|---|---|---|---|---|---|
| **ELS     ELECTRICAL - SPECIAL SYSTEMS** | | | | | |
| Detach & Reset Digital satellite system with one receiver | 2.00 EA | $91.68 | $91.68 | $0.00 | $0.00 |
| TOTAL ELECTRICAL - SPECIAL SYSTEMS | | $91.68 | $91.68 | $0.00 | $0.00 |
| **HVC     HEAT, VENT & AIR CONDITIONING** | | | | | |
| Comb and straighten a/c condenser fins - with trip charge | 2.00 EA | $321.29 | $321.29 | $0.00 | $0.00 |
| TOTAL HEAT, VENT & AIR CONDITIONING | | $321.29 | $321.29 | $0.00 | $0.00 |
| **RFG     ROOFING** | | | | | |
| R&R 3 tab - 25 yr. - composition shingle roofing (per SHINGLE) | 4.00 EA | $51.78 | $51.78 | $0.00 | $0.00 |
| 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 21.00 SQ | $3,229.59 | $219.30 | $0.00 | $3,010.29 |
| Remove 3 tab - 25 yr. - comp. shingle roofing - w/out felt | 19.06 SQ | $845.39 | $0.00 | $0.00 | $845.39 |
| Roofing felt - 15 lb. | 19.06 SQ | $407.46 | $0.00 | $0.00 | $407.46 |
| Roofer - per hour | 8.00 HR | $651.56 | $651.56 | $0.00 | $0.00 |
| TOTAL ROOFING | | $5,185.78 | $922.64 | $0.00 | $4,263.14 |
| **TOTALS** | | $5,598.75 | $1,335.61 | $0.00 | $4,263.14 |

Source - EagleView

# EXHIBIT "B"
# MARQUEZ ESTIMATE

**State Farm**

MARQUEZ, JOHN                                                                                              03-505C-445

| | | | |
|---|---|---|---|
| Insured: | MARQUEZ, JOHN | Estimate: | 03-505C-445 |
| Property: | 8311 N 83rd Dr | Claim Number: | 03505C445 |
| | Peoria, AZ 85345-8001 | Policy Number: | 03-BW-W042-9 |
| Home: | 623-418-5188 | Price List: | AZPH28_AUG14 |
| Type of Loss: | Wind Damage | | Restoration/Service/Remodel |
| Deductible: | $1,314.00 | | |
| Date of Loss: | 7/26/2014 | | |
| Date Inspected: | 8/11/2014 | | |

### Summary for Coverage A - Dwelling - 35 Windstorm and Hail

| | |
|---|---|
| Line Item Total | 1,983.43 |
| Sales Tax Prime Cont | 130.22 |
| Replacement Cost Value | 2,113.65 |
| Less Depreciation (Including Taxes) | (425.36) |
| Less Deductible | (1,314.00) |
| Net Actual Cash Value Payment | $374.29 |

### Maximum Additional Amounts Available If Incurred:

Paid When Incurred (PWI) items refer to items, which may not be necessary in the repair of your property damaged by a covered loss. If incurred, or contracted to be completed, reimbursement of reasonable costs will be made up to the maximum amounts identified as eligible for PWI in the estimate.

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 425.36 | |
| Replacement Cost Benefits | | 425.36 |
| Total Line Items Paid When Incurred (PWI) (Including Taxes) | | 354.25 |
| Total Maximum Additional Amount Available If Incurred | | 779.61 |
| Total Amount of Claim If Incurred | | $1,153.90 |

Bryant, Lauren

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

**State Farm**

# Explanation of Building Replacement Cost Benefits
## Homeowner Policy
### Coverage A - Dwelling - 35 Windstorm and Hail

To:  Name:        MARQUEZ, JOHN
     Address:     8311 N 83rd Dr
     City:        Peoria
     State/Zip:   AZ, 85345-8001

Insured:      MARQUEZ, JOHN              Claim Number:    03505C445
Date of Loss: 7/26/2014                 Cause of Loss:   WIND

Your insurance policy provides replacement cost coverage for some or all of the loss or damage to your dwelling or structures. Replacement cost coverage pays the actual and necessary cost of repair or replacement, without a deduction for depreciation, subject to your policy's limit of liability. To receive replacement cost benefits you must:

1. Complete the actual repair or replacement of the damaged part of the property within two years of the date of loss; and

2. Notify us within 30 days after the work has been completed.

3. Confirm completion of repair or replacement, by submitting invoices, receipts or other documentation to your agent or claim office.

Until these requirements have been satisfied, our payment(s) to you will be for the actual cash value of the damaged part of the property, which may include a deduction for depreciation.

Without waiving the above requirements, we will consider paying replacement cost benefits prior to actual repair or replacement if we determine repair or replacement costs will be incurred because repairs are substantially under way or you present a signed contract acceptable to us.

The estimate to repair or replace your damaged property is $2,113.65. The enclosed claim payment to you of $374.29 is for the actual cash value of the damaged property at the time of loss, less any deductible that may apply. We determined the actual cash value by deducting depreciation from the estimated repair or replacement cost. Our estimate details the depreciation applied to your loss. Based on our estimate, the additional amount available to you for replacement cost benefits (recoverable depreciation) is $425.36.

If you cannot have the repairs completed for the repair/replacement cost estimated, please contact your claim representative prior to beginning repairs.

All policy provisions apply to your claim.

For your protection Arizona law requires the following statement to appear on this form: Any person who knowingly presents a false or fraudulent claim for payment of e loss is subject to criminal and civil penalties.

MARQUEZ, JOHN

**State Farm**

Source - Eagle View
Source - Eagle View

03-505C-445



**R2**

| | |
|---|---|
| 1,538.94 Surface Area | 15.39 Number of Squares |
| 162.53 Total Perimeter Length | 49.14 Total Ridge Length |

| | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|---|
| 1. 3 tab - 20 yr. - composition shingle roofing - incl. felt | | | | | | | |
| | 9.00 SQ | 177.40 | 104.82 | 1,701.42 | (425.36) | | 1,276.06 |

Above is allowance for the replace of the back slope due to large, scattered areas of wind damaged shingles.

| | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|---|
| 2. Remove Tear off, haul and dispose of comp. shingles - 3 tab | | | | | | | |
| | 7.97 SQ | 41.71 | 21.82 | 354.25 | | 354.25 | 0.00 |
| 3. R&R 3 tab - 20 yr. - composition shingle roofing (per SHINGLE) | | | | | | | |
| | 8.00 EA | 15.82 | 8.31 | 134.87 | | | 134.87 |

Above is allowance for the front wind damaged shingles.

| | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|---|
| 4. Roofing - General Laborer - per hour | | | | | | | |
| | 2.00 HR | 33.88 | 4.45 | 72.21 | | | 72.21 |

Above is allowance for manipulation of shingles around AC unit.

| | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|---|
| 5. Detach & Reset Digital satellite system with one receiver | | | | | | | |
| | 1.00 EA | 28.92 | 1.90 | 30.82 | | | 30.82 |

| | | | TAX | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|---|
| **Totals: R2** | | | 141.30 | 2,293.57 | 425.36 | 354.25 | 1,513.96 |

Area Totals: Source - Eagle View

| | | |
|---|---|---|
| 215.40 Exterior Wall Area | | |
| 1,538.94 Surface Area | 15.39 Number of Squares | 325.07 Total Perimeter Length |
| 49.14 Total Ridge Length | | |

| | | | TAX | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|---|
| **Total: Source - Eagle View** | | | 141.30 | 2,293.57 | 425.36 | 354.25 | 1,513.96 |

Area Totals: Source - Eagle View

| | | |
|---|---|---|
| 215.40 Exterior Wall Area | | |
| 1,538.94 Surface Area | 15.39 Number of Squares | 325.07 Total Perimeter Length |
| 49.14 Total Ridge Length | | |

| | | | TAX | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|---|
| **Total: Source - Eagle View** | | | 141.30 | 2,293.57 | 425.36 | 354.25 | 1,513.96 |

**State Farm**

MARQUEZ, JOHN

03-505C-445

**Labor Minimums Applied**

| | QUANTITY | UNIT PRICE | | TAX | RCV | DEPREC. | PWI | ACV |
|---|---|---|---|---|---|---|---|---|
| 6. Electrical labor minimum | | | | | | | | |
| | 1.00 EA | 163.59 | | 10.74 | 174.33 | | | 174.33 |
| Totals: Labor Minimums Applied | | | | 10.74 | 174.33 | 0.00 | 0.00 | 174.33 |
| Line Item Totals: 03-505C-445 | | | | 152.04 | 2,467.90 | 425.36 | 354.25 | 1,688.29 |

**Grand Total Areas:**

215.40  Exterior Wall Area

1,538.94  Surface Area          15.39  Number of Squares          325.07  Total Perimeter Length
49.14  Total Ridge Length